**UNITED STATES of America, Appellee,**

v.

**McCray JOHNSON, Appellant.**

**No. 87–2665.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1988.

Decided Sept. 21, 1988.

Renee E. Schooley, St. Louis, Mo., for appellant.

Richard L. Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and STUART,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

McCray Johnson appeals his conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He argues that the district court [1] erred in denying his motion in limine to exclude evidence that he was wearing a bullet-proof vest when arrested. He further contends that the district court erred in refusing jury instructions that his presence at the scene alone was insufficient to show constructive possession of the weapon, and that it also erred in instructing on motive and intent. We affirm the judgment of the district court.

Johnson was sitting in the front passenger seat of a car stopped by the police for speeding. As the car was slowing to a stop, St. Louis City Police Officers Bryan King and Francis Myers saw Johnson leaning forward toward the floorboard. After the car had stopped, Officer King approached the passenger side window and observed that Johnson's left hand was hidden beneath the dashboard of the car. After the occupants were removed from the car, Officer King reached under the dashboard and recovered a fully loaded .38 caliber revolver. Johnson was then searched and found to be wearing a bulletproof vest.

At trial it was stipulated that Johnson had previously been convicted of two counts of first-degree robbery and that the revolver was in working order and traveled in interstate commerce before its seizure. Johnson was convicted on one count of possession of a firearm by a convicted felon and sentenced to five years imprisonment.

Johnson argues that the district court erred in denying his motion in limine to exclude the bulletproof vest recovered from him. He maintains that while the vest might be admissible in a drug case as a "tool of the trade" to demonstrate intent, in this case it was not properly admissible because the sole issue involved not intent but instead only whether he possessed a firearm. Therefore, Johnson argues, the bulletproof vest, being allusive of violence, was prejudicial.

Rule 403 requires that relevant evidence be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. Under the appellate standard of review, however, we accord great deference to the determination of the district court. *United States v. Boykin,* 679 F.2d 1240, 1244 (8th Cir. 1982). *See also United States v. Dennis,* 625 F.2d 782, 796–97 (8th Cir.1980). Thus, this court will reverse the district court's decision to admit the evidence of the bulletproof vest only if the court clearly abused its discretion.

■ We have previously upheld the admission of a bulletproof vest in a firearms case to establish that a defendant knew of the existence of other guns and ammunition. *See United States v. Petty,* 798 F.2d 1157, 1161 (8th Cir.1986), *rev'd on other grounds,* 828 F.2d 2 (8th Cir.1987). In this case, Johnson's motion in limine explicitly directed the district court to Rule 403, and the denial of the motion demonstrates to us that there was a weighing of the probative value of the evidence. There was no error in ruling the vest admissible.

■ Johnson's latter two arguments deal with jury instructions. First, Johnson asserts error in refusing to instruct that his presence near the gun could not alone demonstrate constructive possession of the revolver so as to violate 18 U.S.C. 922(g)(1). The instruction given by the district court, however, fully covered relevant issues of actual and constructive possession.[2] It

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The instruction approved by the district court read:

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

framed the issue for the jury to consider as whether Johnson knowingly had the weapon in his possession. We have approved a similar instruction in a closely comparable case. *United States v. Montgomery*, 819 F.2d 847, 851–52 (8th Cir.1987) (approving substantially identical instruction in case where passenger in car was seen to place gun underneath front seat).

■ Finally, Johnson contends that the district court erred in instructing the jury as to intent and motive. Because the only issue in the case was whether he possessed the weapon, Johnson argues, an instruction regarding intent was unnecessary and prejudicial in suggesting to the jury that Johnson had admitted possessing the gun but that lack of intent somehow excused his act. The instruction was relevant, however, because Johnson himself injected the issue of motive into the trial. One of his brothers testified that Johnson feared for his life after another brother had been killed; Johnson thus felt the need to protect himself. This testimony could have misled the jury into speculating that Johnson was carrying the firearm in self defense and hence would be acting with good motives. The instruction regarding intent was necessary to forestall such improper speculation.

We conclude that there was no error either in the instruction given as to constructive possession or in that given regarding intent.

The judgment of conviction is affirmed.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or person, is then in constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession as that term is used in these instructions is present if you find beyond reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.