UNITED STATES of America, Appellee,

v.

Norman Ray WOODALL, Appellant.

No. 90–2551.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1991.

Decided July 9, 1991.

Rehearing Denied Sept. 3, 1991.

James J. Knappenberger (argued), Christopher P. Simms, on brief, Clayton, Mo., for appellant.

Richard L. Poehling (argued), Stephen B. Higgins, on brief, St. Louis, Mo., for appellee.

Before McMILLIAN and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Norman Ray Woodall appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict finding him guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). The district court sentenced him to a prison term of 180 months, to be followed by a three year term of supervised release, and a special assessment of $50.00. For reversal, Woodall argues that the district court erred in (1) denying his motion to suppress evidence and (2) denying his motion for acquittal. For the reasons stated below, we affirm the judgment of the district court.

On October 19, 1989, at 1:54 a.m., while on routine patrol in a marked police vehicle, police officer Leslie Simpson observed a car roll through a stop sign. Simpson then began to follow the car. The car slowed down and, according to Simpson, its occupants began to pay a great deal of attention to him. Simpson then saw the car

---

1. Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

pass over the centerline of the road. Simpson observed the passenger, Woodall, bend over to the floorboard of the vehicle on at least two occasions. Simpson called the license plate of the vehicle into the police station and activated his red lights. After approaching the vehicle, Simpson recognized the driver as Ron Hodges, whom Simpson had arrested a few weeks earlier for a narcotics violation. Then Simpson ordered both Hodges and Woodall to get out of the car. Because Simpson knew that narcotics traffickers usually carry weapons, he frisked Hodges for weapons and discovered in Hodges' vest pocket a plastic bag containing a white rock-like substance. Simpson placed Hodges under arrest for possession of a controlled substance.

Simpson then asked Woodall for some identification. Woodall produced a military I.D. Simpson recognized the name on the I.D. from police intelligence information which identified Woodall as an associate of Hodges and suspected of manufacturing controlled substances.

Simpson advised Woodall he was going to frisk him and asked him if he was carrying any weapons. Woodall said he had a pocket knife in his pocket. Simpson removed a pocket knife and a hotel key from Woodall's pocket. Simpson then searched the car and found a large dagger on the floorboard of the passenger's side of the vehicle. Simpson arrested Woodall for unlawful use of a weapon. Simpson then searched Woodall again and discovered a sheath attached to Woodall's boot that matched the style and configuration of the dagger found on the floorboard of the vehicle.

Detective Paul West was assigned to conduct an investigation of the arrest of Hodges and Woodall. When West interviewed Woodall, Woodall said he had no knowledge of the hotel room key found in his pocket. West contacted the hotel and discovered that the key belonged to a room registered in Woodall's name. Woodall

had listed a white car hauler on his room registration card. The hauler was parked directly below the room registered in Woodall's name. Through a computer search, West discovered that the license plates on the car hauler were issued to Woodall.

West obtained a search warrant for the car hauler and for Woodall's motel room. The search of the car hauler revealed a Colt .357 magnum revolver and a .32 caliber Browning semi-automatic pistol.

Woodall was indicted and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Woodall filed a pretrial motion to suppress evidence. The magistrate judge[2] recommended denying Woodall's motion to suppress and the district court adopted the magistrate judge's recommendation. After a jury trial, Woodall was found guilty. The district court sentenced Woodall to a prison term of 180 months, to be followed by a three year term of supervised release, and a $50.00 special assessment. This appeal followed.

## I. Motion to Suppress Evidence

■ Woodall first argues that the district court erred in denying his motion to suppress physical evidence. He argues that the stop of the vehicle was pretextual in violation of his fourth amendment rights, so any evidence obtained as a result of the stop should have been suppressed. Woodall argues that the stop was pretextual for the first time on appeal. Because this specific pretext issue was not raised before the district court, Woodall cannot raise this issue on appeal. *United States v. Tibesar*, 894 F.2d 317, 319 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990).

■ Even if this issue had been properly preserved for appellate review, Woodall's argument would fail for lack of merit. Pretextual stops are unreasonable under the fourth amendment. *United States v. Portwood*, 857 F.2d 1221, 1223 (8th Cir.

2. The Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri.

1988), *cert. denied,* 490 U.S. 1069, 109 S.Ct. 2073, 104 L.Ed.2d 638 (1989), *disapproved of on other grounds, Taylor v. United States,* — U.S. —, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). However, "[w]hen an officer observes a traffic offense—however minor—he [or she] has probable cause to stop the driver of the vehicle." *United States v. Cummins,* 920 F.2d 498, 500 (8th Cir.1990), *petition for cert. filed,* 59 U.S. L.W. 3743 (U.S. Apr. 17, 1991) (No. 90–1628). An "otherwise valid stop does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity." *Id.* at 501. To determine whether a stop is pretextual "an objective assessment of the officer's actions" must be made. *Id.* (quoting *Scott v. United States,* 436 U.S. 128, 136, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978)); *see also United States v. Cortez,* 935 F.2d 135, 142–43 (8th Cir.1991) (applying objective standard).

■ In the present case there were two traffic offenses: Simpson observed the car roll through a stop sign and pass over the center-line of the road. The traffic offenses provided Simpson with probable cause to stop the car. Thus, the stop was not pretextual.

■ The driver of a car and his or her passengers can be physically searched pursuant to a stop for traffic violations if an officer has a reasonable suspicion that they might be carrying weapons. *Pennsylvania v. Mimms,* 434 U.S. 106, 111–12, 98 S.Ct. 330, 333–34, 54 L.Ed.2d 331 (1977) (per curiam). In the present case, Simpson recognized that the driver of the car was Hodges, a man whom he had arrested a few weeks earlier for a narcotics violation. Simpson knew that narcotics traffickers frequently carry weapons. In addition, before Simpson signalled the car to pull over, he noticed Woodall lean down to the floorboard at least twice. Simpson testified that such movements are typically made by people who are carrying weapons or contraband in their cars. Also, when Simpson asked Woodall to give him some identifica-

tion, Woodall produced a military I.D. Simpson recognized the name on the I.D. from police intelligence information which had identified Woodall as an associate of Hodges and as a suspected manufacturer of controlled substances. Woodall's suspicious movements to the floorboard and the information that he was suspected of manufacturing drugs gave the officer reason to believe that Woodall may have been carrying a weapon. Thus, the officer was justified in performing a pat down search of Woodall for weapons.

## II. Motion For Judgment of Acquittal

■ Woodall next argues that the district court erred in denying his motion for judgment of acquittal because the government did not present sufficient evidence to establish that he possessed the firearm found in the car hauler. In reviewing denials for motions of acquittal, the evidence must be viewed in the light most favorable to the government. *E.g., United States v. Patterson,* 886 F.2d 217, 218 (8th Cir.1989) (per curiam). "A motion for acquittal should be granted only where the evidence, viewed in the light most favorable to the [g]overnment, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v. Adkins,* 842 F.2d 210, 212 (8th Cir.1988) (internal citations omitted; emphasis in cited case).

■ "In order to secure a conviction under section 922(g)(1), the government must prove, beyond a reasonable doubt, the following: '(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm travelled in or affected interstate commerce.'" *United States v. Garrett,* 903 F.2d 1105, 1110 (7th Cir.) (quoting *United States v. Petitjean,* 883 F.2d 1341, 1347 (7th Cir.1989)), *cert. denied,* — U.S. —, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990). Woodall argues that the government failed to prove that he knowingly possessed the firearm. The government can prove possession by establishing that the defendant either actually or constructively possessed

the firearm. *United States v. Johnson,* 857 F.2d 500, 501–02 & n. 2 (8th Cir.1988) (jury instructions). "An individual is said to have constructive possession over contraband if he [or she] had 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" *United States v. Patterson,* 886 F.2d at 219 (quoting *United States v. Cardenas,* 748 F.2d 1015, 1019 (5th Cir.1984)).

■ In the present case, there was sufficient evidence to establish that Woodall constructively possessed the firearm within the meaning of 18 U.S.C. § 922(g). Woodall had listed the car hauler in which the gun was found on his hotel registration card. When the government performed a license plate check on the car hauler, it was discovered that the license plate had been issued to Woodall. Also, the car hauler was parked in the parking lot almost directly below Woodall's room. Thus, a reasonable jury could have concluded that Woodall had ownership, dominion or control over the car hauler and that he constructively possessed the gun found in the car hauler.

Accordingly, the judgment of the district court is affirmed.