UNITED STATES of America, Appellee,

v.

**MISCELLANEOUS FIREARMS AND AMMUNITION,**

**Mary Elizabeth Wheadon, Appellant.**

**No. 91–2104.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Sept. 17, 1991.

Rehearing and Rehearing En Banc Denied Oct. 28, 1991.

---

Mary Elizabeth Wheadon, pro se.

Daniel E. Meuleman, St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Mary Elizabeth Wheadon (claimant) appeals from the order of the District Court[1] for the Eastern District of Missouri granting judgment in favor of the United States for forfeiture of miscellaneous firearms and ammunition. For reversal, claimant argues that two witnesses lied at trial and that the district court erroneously found that on February 18, 1988, her son, Robert Wheadon, Jr., a convicted felon, was in possession of the property illegally. She also challenges the government's post-trial argument that forfeiture was supported by the fact that Wheadon, Jr., had illegally possessed the firearms from 1984 to 1986. We affirm.

In March 1989 the United States filed a complaint for forfeiture of firearms and ammunition on the ground, inter alia, that Wheadon, Jr., possessed them in violation of 18 U.S.C. § 922(g)(1), thereby subjecting the property to forfeiture under 18 U.S.C. § 924(d). Claimant filed a petition for claim of ownership. Following a bench trial at which both parties presented evidence, the district court found that Wheadon, Jr., and claimant jointly possessed the weaponry at the time of Wheadon, Jr.'s arrest on February 18, 1988. Thus, the court awarded forfeiture.

A trial court's factual findings shall not be set aside unless clearly erroneous, and due regard shall be given to the trial court's superior position to judge the credibility of witnesses. Fed.R.Civ.P. 52(a). For purposes of § 922(g)(1), firearm possession may be either actual or constructive. *United States v. Woodall*, 938 F.2d 834, 838 (8th Cir.1991). Constructive possession exists when a person has ownership, dominion, or control over the contraband. *Id.* Possession may be sole or joint. *United States v. Johnson*, 857 F.2d 500, 502 n. 2 (8th Cir.1988).

After carefully reviewing the record, including the trial transcript, we conclude that the district court's finding that Wheadon, Jr., was in joint possession of the firearms and ammunition on February 18, 1988, is not clearly erroneous. Claimant's allegations of perjury are conclusory and without merit. We need not address her challenge to the government's post-trial argument, as the district court did not base its decision on Wheadon, Jr.'s possession of the firearms from 1984 to 1986.

Accordingly, the district court judgment is affirmed.

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.