_____

No. 95-1244
_____

Norman Ray Woodall,                    *
                                       *
        Movant - Appellant,            *
                                       *   Appeal from the United States
        v.                             *   District Court for the
                                       *   Eastern District of Missouri.
United States of America,              *
                                       *
        Respondent - Appellee.         *

                                  _____

                  Submitted:  September 12, 1995

                      Filed:  December 11, 1995
                                  _____

Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.
                                  _____

LOKEN, Circuit Judge.


    This is a post-conviction proceeding under 28 U.S.C. § 2255 in which
the district court vacated Norman Ray Woodall's sentence under the Armed
Career Criminal Act, 18 U.S.C. § 924(e)(1), because his trial counsel
provided ineffective assistance in not objecting to an inadequate showing
of the requisite prior "violent felony" convictions.  Woodall appeals the
court's additional ruling that the Double Jeopardy Clause of the Fifth
Amendment does not bar his resentencing under § 924(e)(1).  We affirm.


                                  **I.**


    Woodall was tried and convicted of being a felon in possession of a
firearm in violation of 18 U.S.C. § 922(g)(1).  He was also charged with
violating § 924(e)(1), a sentence enhancement statute

requiring a mandatory minimum fifteen-year prison sentence for § 922(g) violators who have at least three prior violent felony convictions. A § 924(e)(1) violation is determined at sentencing. See United States v. Washington, 992 F.2d 785, 787 (8th Cir.), cert. denied, 114 S. Ct. 356 (1993).

"Violent felony" is defined in § 924(e) to include "burglary." See § 924(e)(2)(B). Three months before Woodall was sentenced, the Supreme Court held "that an offense constitutes 'burglary' for purposes of a § 924(e) enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary." Taylor v. United States, 495 U.S. 575, 602 (1990).

Woodall's presentence investigation report ("PSR") listed five burglary convictions in Texas state court but did not provide information showing that they were "generic" burglaries under Taylor. Woodall did not object to this portion of the PSR, nor did he contend at sentencing that the burglary convictions were not prior violent felonies for purposes of § 924(e)(1). The district court sentenced him to fifteen years in prison based upon the information contained in the PSR. He appealed his conviction and sentence on other grounds, and we affirmed. United States v. Woodall, 938 F.2d 834 (8th Cir. 1991).

Woodall moved for § 2255 relief, claiming that he received ineffective assistance of counsel at sentencing. The magistrate judge recommended that the § 924(e)(1) sentence be vacated because counsel should have objected that the PSR did not establish Woodall's Texas burglary convictions as violent felonies under Taylor. In addition, without addressing the prejudice prong of ineffective assistance under Strickland v. Washington, 466 U.S. 668, 694 (1984), the magistrate judge recommended that the Double Jeopardy Clause bars resentencing under § 924(e)(1) because the

proof at Woodall's sentencing -- his PSR -- was insufficient to establish the requisite three prior violent felony convictions.

The district court agreed with the recommendation that Woodall's trial counsel was ineffective for failing to object under Taylor to the burglaries listed in the PSR.  However, the court rejected the Double Jeopardy Clause recommendation, concluding instead that sentencing under § 924(e)(1) "does not bear the hallmarks of a trial-type proceeding" to which double jeopardy protections attach.  Woodall appeals the latter ruling.

## II.

The Double Jeopardy Clause "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."  Lockhart v. Nelson, 488 U.S. 33, 38 (1988).  However, the Double Jeopardy Clause bars retrial when a conviction is reversed due to insufficient evidence, because that decision is functionally equivalent to an acquittal.  Burks v. United States, 437 U.S. 1 (1978).  Burks is an exception to Lockhart's general rule.  See Parker v. Norris, 64 F.3d 1178, 1181 (8th Cir. 1995), petition for cert. filed, No. 95-6836 (Nov. 21, 1995).

Burks concerned insufficient evidence to convict; we deal here with proof of facts necessary to impose a sentence.  The Supreme Court extended Burks to trial-like death penalty sentencing procedures in Bullington v. Missouri, 451 U.S. 430, 438-39, 443-44 (1981).  We in turn have twice applied Bullington to non-capital sentencings under Missouri and Arkansas habitual offender enhancement statutes that required proof beyond a reasonable doubt of all essential sentencing facts.  See Bohlen v. Caspari, 979 F.2d 109, 112-113 (8th Cir. 1992), rev'd on other grounds, 114 S. Ct.

948 (1994); <u>Nelson v. Lockhart</u>, 828 F.2d 446, 447-48 (8th Cir. 1987), <u>rev'd on other grounds</u>, 488 U.S. 33 (1988).

In this case, Woodall argues (i) that we should extend our <u>Bohlen</u> and <u>Nelson</u> double jeopardy holdings to sentencing under § 924(e), and (ii) that the government is then barred from resentencing him under § 924(e) because it presented insufficient proof of a § 924(e)(1) violation at his initial sentencing. We reject both contentions.

**A.**

For a number of reasons, we agree with the district court that the <u>Burks</u> double jeopardy principle does not apply to § 924(e) sentencing proceedings.

1. "Sentencing matters do not ordinarily have the 'qualities of constitutional finality that attend an acquittal.'" <u>United States v. Hudspeth</u>, 42 F.3d 1015, 1024 (7th Cir. 1994) (en banc), <u>cert. denied</u>, 115 S. Ct. 2252 (1995), quoting <u>United States v. DiFrancesco</u>, 449 U.S. 117, 134 (1980). Although the Supreme Court avoided this issue in reversing our decisions in <u>Bohlen</u> and <u>Nelson</u> on other grounds, its opinion in <u>Bohlen</u> casts doubt upon our holding that <u>Burks</u> applies to trial-like non-capital sentencing proceedings. <u>See</u> 114 S. Ct. at 954-55.

2. Accepting our decision that <u>Burks</u> applies to the trial-like sentencing proceedings at issue in <u>Nelson</u> and <u>Bohlen</u>, federal sentencing proceedings are nonetheless readily distinguishable. True, the government must prove facts relevant to sentencing guidelines and statutory enhancement issues, and the defendant is entitled to a sentencing hearing on disputed issues of fact. But the government's burden of proof is only by a preponderance of the evidence. Moreover, the sentencing judge receives important input from the probation officer, who prepares the PSR, and sentencing

-4-

findings may be based upon what the judge heard at trial, as well as what is presented at the sentencing hearing and contained in the PSR.  Compare DiFrancesco, 449 U.S. at 136-37 (Double Jeopardy Clause does not apply to judicial determinations "developed outside of the courtroom").  Finally, some sentencing issues, such as whether the defendant has provided "substantial assistance," may remain open for a long period of time, and resentencings for a variety of reasons are not uncommon.  In short, this is not a trial-like environment well-suited to the functional-equivalent-to-acquittal analysis underlying Burks.

3. Woodall cites no case applying the Burks principle to § 924(e) sentencing, or indeed to any post-guidelines federal sentencing issue.  The Seventh Circuit rejected this contention in Hudspeth, and a number of cases have assumed that a defendant may be resentenced under § 924(e).  For example, after the Supreme Court's decision in Taylor, we remanded to the district court, which reimposed the § 924(e)(1) enhancement.  On appeal, we consolidated Taylor with another § 924(e) appellant, Banks.  We affirmed both § 924(e) resentencings as consistent with the new burglary standard of Taylor without discussing Burks or the Double Jeopardy Clause even though on remand the government had expanded the sentencing record "in a critical respect."  United States v. Taylor, 932 F.2d 703, 707 (8th Cir.), cert. denied, 502 U.S. 882, and 502 U.S. 888 (1991).  Likewise, the court in United States v. Harris, 964 F.2d 1234, 1235 (1st Cir. 1992), assumed that resentencing under § 924(e) is the proper remedy when the government fails to establish the requisite "violent felonies."  No doubt, the double jeopardy issue was not raised in these cases, but they illustrate that application of Burks to federal sentencing reversals would disrupt widely-accepted practice and expectations.

4. The Supreme Court has noted that expansive application of the Double Jeopardy Clause may cause appellate courts to be less zealous in correcting trial court errors.  See United States v.

-5-

<u>Tateo</u>, 377 U.S. 463, 466 (1964). We conclude that superimposing the <u>Burks</u> principle on federal sentencing proceedings would be a complex and difficult task, fraught with uncertainties. On the other hand, permitting resentencing under present federal practice does little if any harm to the interests served by the Double Jeopardy Clause. <u>See</u> <u>DiFrancesco</u>, 449 U.S. at 132-38.

**B.**

Even if the <u>Burks</u> double jeopardy principle applies to § 924(e) sentencings, it does not bar Woodall's resentencing. The district court vacated Woodall's sentence because his attorney failed to object to the adequacy of the PSR's description of Woodall's prior burglaries for purposes of applying § 924(e) as construed in <u>Taylor</u>. This is a classic example of "trial error," not the kind of evidentiary insufficiency that triggers <u>Burks</u>.

Generally, the government establishes prior violent felonies warranting a § 924(e)(1) enhancement by submitting the PSR listing defendant's prior convictions. <u>See</u> <u>United States v. Redding</u>, 16 F.3d 298, 302 (8th Cir. 1994). Objections to a PSR must be made prior to the sentencing hearing, and the probation officer may then "conduct a further investigation and revise the [PSR]." Fed. R. Cr. P. 32(b)(6)(B).[1] Because the PSR when challenged is not evidence, the government also has an opportunity at the sentencing hearing to introduce additional evidence regarding the disputed facts. Thus, in terms of the <u>Burks</u> principle, failure to object to a PSR is a *pretrial* event. The double jeopardy protection of <u>Burks</u> "applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." <u>Richardson v. United States</u>, 468 U.S. 317, 325 (1984). The error that infected

---

[1]The objecting defendant bears the burden of proving that a prior conviction is not a violent felony or a serious drug offense as defined in § 924(e)(2). <u>See</u> <u>Redding</u>, 16 F.3d at 302.

Woodall's sentencing occurred at a time when jeopardy had not terminated. Thus, resentencing is appropriate because it will "merely recreate the situation that would have been obtained" had Woodall's attorney timely objected to the PSR as inadequate. <u>Lockhart</u>, 488 U.S. at 42. <u>Cf.</u> <u>Linam v. Griffin</u>, 685 F.2d 369, 374 (10th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1211 (1983).

That the trial error in this case does not trigger relief under <u>Burks</u> becomes apparent if one considers the prejudice prong of <u>Strickland</u> that the district court overlooked. To establish that Woodall's Texas burglary convictions were violent felonies under <u>Taylor</u>, the sentencing court needed to determine either that the applicable Texas statutes, or the indictments or jury instructions in Woodall's cases, revealed "generic" burglaries. The PSR did not contain that information. If Woodall's counsel had timely objected on that ground, the probation officer or the government could have supplied the missing information prior to or at the sentencing hearing. Thus, to find <u>Strickland</u> prejudice, the district court should have determined whether the government could have presented either burglary statutes or other information that would have established three violent felony convictions and therefore a violation of § 924(e)(1). If the government already possessed, or could readily have obtained such information, counsel did not provide ineffective assistance by failing to make a futile objection to the inadequate PSR. This basic <u>Strickland</u> prejudice inquiry makes it apparent that the § 2255 relief afforded Woodall by the district court is not functionally equivalent to a judgment of acquittal under <u>Burks</u>.

The district court's double jeopardy ruling is affirmed, and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.