_____

No. 95-2595
_____

Doyle Ray Evans,                      *
                                      *
          Appellant,                  *
                                      *   Appeal from the United States
     v.                               *   District Court for the
                                      *   Western District of Missouri.
United States of America,             *
                                      *   [UNPUBLISHED]
          Appellee.                   *


_____

          Submitted:  December 7, 1995

             Filed:  December 21, 1995
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Doyle Roy Evans appeals the district court's denial of his 28 U.S.C.
§ 2255 motion.  We reverse and remand.

     Evans pleaded guilty to a one-count indictment charging him with
transporting a firearm in interstate commerce after having been convicted
of three or more violent crimes, in violation of 18 U.S.C. §§ 922(g) and
924(e).  It is undisputed that at the time of his plea, Evans had the
following prior convictions:  a 1971 Arkansas burglary conviction; a 1975
Arkansas burglary conviction; a 1984 conviction on twenty-eight counts of
burglary in Cherokee County, Georgia; and another 1984 conviction on four
counts of burglary in Cobb County, Georgia.  The district court determined
that Evans was subject to a section 924(e)(1) enhancement as an armed
career criminal, and sentenced Evans to 188 months imprisonment and five
years supervised release.

Evans subsequently filed this section 2255 motion, asserting that his counsel was ineffective for failing to object to the use of his Georgia burglary convictions for sentencing enhancement purposes, and that without these Georgia convictions, he did not have the requisite three predicate felonies necessary for a section 924(e)(1) enhancement.  The government did not respond, and the district court denied Evans's motion.

We affirm the summary dismissal of a section 2255 motion only if, upon de novo review, we are convinced that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Rule 4(b), Rules Governing § 2255 Proceedings; United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995).  We are not so convinced, because we conclude Evans has shown his counsel may have been ineffective for failing to object to the use of Evans's two Georgia convictions as predicate offenses for a section 924(e) enhancement.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).

"Burglary" is included in the definition of violent felonies that may constitute predicate offenses for a section 924(e)(1) enhancement.  18 U.S.C. § 924(e)(2)(B)(ii).  For purposes of section 924(e), "burglary" is "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990) (formulating a "generic" definition of burglary).

The Georgia statute under which Evans was convicted defines burglary more broadly than the generic definition in Taylor, because the statute includes vehicles, railroad cars, watercraft, aircraft, and "any room or any part thereof" as places that can be burgled.  See Ga. Code Ann. § 16-7-1 (Michie 1980); cf. United States v. Taylor, 932 F.2d 203, 707 (8th Cir.) (on remand from 495 U.S. 575; noting Missouri statute broader than Taylor definition

where it included booths, tents, boats, vessels, and railroad cars), <u>cert. denied</u>, 502 U.S. 888 (1991); <u>United States v. Payton</u>, 918 F.2d 54, 55 & n.1 (8th Cir. 1990) (noting Iowa statue broader than <u>Taylor</u> definition where it included railroad cars, boats, and vessels), <u>cert. denied</u>, 502 U.S. 948 (1991); <u>cf.</u> <u>United States v. Barney</u>, 955 F.2d 635, 640 (10th Cir. 1992) (indictment charged defendant with entering back room of building; back room is not building or structure).

Therefore, Evans's convictions cannot be used as predicate offenses for a section 924(e) enhancement, unless the charging papers required Evans to plead guilty to generic burglary.  <u>See</u> <u>Taylor</u>, 495 U.S. at 600-02; <u>Payton</u>, 918 F.2d at 55-56 (where defendant pleaded guilty, charging paper alone will usually be determinative document); <u>Taylor</u>, 932 F.2d at 708-09 (guilty plea was to charge meeting generic definition of burglary).  There is no indication in the record that the district court examined Evans's charging papers and made such a determination.

Accordingly, we reverse the district court's denial of Evans's motion, and remand the case to the district court, which should order the government to show cause why Evans's motion should not be granted.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-