_____

No. 95-2888
_____

United States of America,            *
                                     *
            Appellee,                *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Northern District of Iowa
Dennis L. Santomauro,                *
                                     *        [UNPUBLISHED]
            Appellant.               *


_____

                Submitted:  March 28, 1996

                  Filed:  April 24, 1996
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Dennis L. Santomauro appeals from the final judgment entered in the
District Court[1] for the Northern District of Iowa upon his guilty plea to
being a felon in possession of a firearm, in violation of 18 U.S.C.
§ 922(g).   The district court sentenced appellant to 63 months
imprisonment.  For reversal appellant argues the district court erred in
calculating his offense level.  For the reasons discussed below, we affirm
the judgment of the district court.

     As part of his plea agreement Santomauro stipulated that he sold a
government witness nine firearms, including an M-14 rifle.  The presentence
report (PSR) catalogued an additional twenty-three

_____

     [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa.

firearms that Santomauro and Richard Reuter had received from Jerry Ryan in return for performing construction work. Except for the M-14, these firearms were stored at the home of Reuter, who possessed a federal firearms license.

The PSR recommended assessing a five-level increase under U.S.S.G. § 2K2.1(b)(1)(E), because between twenty-five and forty-nine firearms were involved, and a two-level increase under U.S.S.G. § 2K2.1(b)(4), because one of the firearms was stolen. Conceding that he possessed the M-14, but contending that he did not possess the other firearms, Santomauro objected. The district court overruled the objection. Given Santomauro's involvement in transferring the firearms from Ryan's to Reuter's home, in arranging and negotiating the sale, and in delivering the firearms to the government's witness, the district court concluded that Santomauro and Reuter jointly possessed at least thirty firearms.

For purposes of Guidelines § 2K2.1(b)(1), "[o]ffense" includes the offense of conviction and all relevant conduct under U.S.S.G. § 1B1.3. U.S.S.G. § 1B1.1, comment. (n.1(l)); see United States v. Dennis, 926 F.2d 768, 769 (8th Cir. 1991) (per curiam) (permitting use of relevant conduct for calculating offense levels under U.S.S.G. § 2K2.2 (since deleted and consolidated with § 2K2.1)). "[R]elevant conduct" includes, inter alia, all acts which were part of the same course of conduct as the offense of conviction; "same course of conduct" refers to offenses that are "sufficiently connected or related . . . to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3(a)(2) & comment. (n.9(B)). In determining the number of firearms involved, the district court is to count those firearms "unlawfully possessed." U.S.S.G. § 2K2.1, comment. (n.9).

That Ryan may have owned, and Reuter physically possessed, the firearms is of no consequence, because a § 922(g) conviction may be based on joint or constructive possession. See United States v.

-2-

Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 114 S. Ct. 241 (1993). Santomauro's contention that he was not authorized to sell the firearms is belied by the evidence of his involvement in the transaction. Nor can Santomauro successfully argue that the transaction involving the guns at Reuter's home was not part of the same course of conduct as his crime of conviction and thus did not constitute relevant conduct, because his actions were part of a single episode or ongoing series of offenses.

We conclude the district court did not clearly err in finding Santomauro jointly possessed with Reuter between twenty-five and forty-nine firearms. See United States v. Miscellaneous Firearms & Ammunition, 945 F.2d 239, 240 (8th Cir. 1991) (per curiam) (standard of review). In any event, it is clear that Santomauro constructively possessed between twenty-five and forty-nine firearms. See Boykin, 986 F.2d at 274 (defining constructive possession). Thus, we conclude the district court properly assessed the Guidelines § 2K2.1 increases, based on the number of firearms involved and because Santomauro did not contest that one of the firearms was stolen. See United States v. Partington, 21 F.3d 714, 717 (6th Cir. 1994) (reviewing de novo whether facts found by district court warranted application of § 2K2.1).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.