**UNITED STATES of America, Plaintiff,**

v.

**Norman Ray WOODALL, Defendant.**

**No. 4:89CR00245 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

Aug. 8, 1996.

---

Raymond Meyer, U.S. Atty., for plaintiff.

Susan Bindler, Kohn, Shands, St. Louis, MO, for defendant.

### MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the resentencing of Norman Ray Woodall.

In 1989, the government charged Woodall with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In 1990, a jury found Woodall guilty of the offense. This Court enhanced Woodall's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). On appeal, the conviction and sentence were affirmed. *United States v. Woodall,* 938 F.2d 834 (8th Cir. 1991).

In 1992 Woodall filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. This Court found that Woodall's trial counsel was ineffective for failing to object to the government's proffer of the three prior felonies used for the enhancement. The Court vacated Woodall's sentence but rejected his contention that any resentencing would violate the Double Jeopardy Clause. On appeal, the decision was affirmed. *Woodall v. United States,* 72 F.3d 77 (8th Cir.1995).

Under section 924(e)(1), a person who violates § 922(g) and has three previous convictions for violent felonies must be sentenced to a mandatory minimum of fifteen years in prison. 18 U.S.C. § 924(e)(1). The term "violent felony" includes burglaries. *Id.* at § 924(e)(2)(B)(ii). Under § 921(a)(20), "any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored" will not be counted as a prior conviction sufficient to trigger a § 924(e) enhancement. *Id.* at § 921(a)(20); *United States v. Traxel,* 914 F.2d 119, 122 (8th Cir.1990). However, a conviction will not be excluded if the "restoration of civil rights expressly provides that the person may not transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20). The statute further provides that "conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.*

At the resentencing, the government submitted evidence of six prior burglary convictions. (Exhs. 2–7.) For each conviction, the government supplied certified copy of the indictment and of the guilty plea. *Id.* Woodall was convicted of all six burglaries in Texas in 1968. *Id.*

Woodall raises three objections. First, Woodall argues that none of his prior burglary convictions constitute "violent felonies" sufficient to trigger a § 924(e) enhancement. The Court finds that this objection lacks merit in light of the government's evidence and the Supreme Court's decision in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Second, Woodall contends that a sentence under § 924(e) would violate his equal protection rights. The Court finds that this objection also lacks merit.

█ Finally, Woodall maintains that his civil rights have been restored on all of the burglary convictions. Woodall relies on a Texas statute, Article 489c of the Texas Penal Code of 1925, which makes it unlawful for

a person "convicted of burglary or robbery, or of a felony involving an act of violence with a firearm" to posses a firearm outside of his home. Tex.Stat.Ann.Penal Code, art. 489c, § 1 (as amended, Acts 1957, 55th Leg. Ch. 28, p. 50) (formerly and originally Tex.Stat.Ann.Penal Code, ch. 599, § 1 (Acts 1949, 51st Leg. Ch. 599, p. 1186)). Effective September 1, 1969, Article 489c was amended to apply only to persons "convicted of an act of violence." *Id.* (as amended Acts 1969, 61st Leg. Ch. 653, p. 1951). The statute specifically excepts any person "who has not been convicted of a penal offense during the five-year period next immediately following his discharge or release from the penitentiary." *Id.* at § 4. Woodall asserts that this statute effectively restores a felon's civil rights by reviving his right to possess a firearm.

Woodall has provided evidence that he was released from the Texas Department of Corrections on the burglary convictions on March 15, 1971. (Exh. A.) Assuming that the Texas statute effects a restoration of rights, the government contends that Woodall's rights were not restored because he was convicted of writing a bad check in 1974, within three years of his release from prison. The government has provided evidence of that conviction. (Exh. 1.)

Woodall acknowledges that he was convicted of a penal offense in 1974 but argues that his civil rights were restored nevertheless. Woodall points to another statute, § 12.03 of the Texas Penal Code, which provides that a Class C misdemeanor conviction "does not impose any legal disability or disadvantage." Tex.Penal Code Ann. § 12.03(c) (1974). Woodall's reliance is misplaced.

Section 12.03 was enacted in 1973 and became effective January 1, 1974. At the same time, Article 489c was superseded and amended. Effective January 1, 1974 Article 489c was designated as § 46.05 of the Texas Penal Code and no longer contained an exception for felons who had remained out of trouble for five years. Section 46.05 simply made it unlawful for any person "who has been convicted of a felony involving an act or violence or threatened violence to a person or property" to possess a firearm. Tex.Penal Code Ann. § 46.05(a) (1974).[1]

The Court cannot mix and match statutes not in effect at the same time. In light of the dates of enactment, the Court may apply either § 4 of Article 489c of the Texas Penal Code of 1925 or the 1973 statutes, § 46.05 and § 12.03. Without deciding which statutes should apply, the Court will address the result given either scenario.

Under to the older statute, Woodall's civil rights were not restored. His conviction for writing a bad check constitutes a "penal offense" under the plain language of the statute which occurred within five years of his release from prison. Consequently, Woodall does not have a right to possess a firearm under that statute and cannot successfully contend that the statute restored his civil rights.

Under the statutes effective in 1974, Woodall's civil rights were also not restored. Woodall argues that his burglary convictions do not trigger an application of § 46.05 because they were not necessarily crimes of "violence" against persons or property. He maintains that it is therefore lawful for him to possess a firearm under § 46.05.

▮ Woodall is correct that a "burglary is not a crime of violence per se" under Texas law. *Gardner v. Texas,* 699 S.W.2d 831, 833 (Tex.Crim.App.1985). However, the fact that the statute would not make it unlawful for Woodall to possess a firearm as a presumably non-violent felon does not mean that it effects a restoration of his civil rights. The Eighth Circuit has explained that a statute cannot restore rights never forfeited by a conviction. *Traxel,* 914 F.2d at 123. *See also United States v. Thomas,* 991 F.2d 206, 213–14 (5th Cir.), *cert. denied,* 510 U.S. 1014, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993) (hold-

---

1. Section 46.05 was amended in 1993 and redesignated as § 46.04 of the Texas Penal Code. Tex.Penal Code Ann. § 46.04 (1994). Section 46.04, effective September 1, 1994, is the current version of the statute and only makes it a crime for a felon to carry a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later." *Id.* at § 46.04(a)(1).

ing that Texas' failure to deny a non-violent felon the right to possess firearms is not the "functional equivalent" of restoring her civil rights within the meaning of 18 U.S.C. § 921(a)(20)). The Court is constrained to follow the Eighth Circuit's distinction between the preservation versus the restoration of civil rights. Section 46.05 does not by itself, therefore, effect a restoration of civil rights sufficient for exclusion of Woodall's convictions under § 921(a)(20). Indeed, as the Fifth Circuit has explained, "Texas law provides for neither the passive, automatic reinstatement of all civil rights … nor the active or affirmative revival of such rights by issuance of a certificate of restoration of all civil rights of convicted felons following release from custody or completion of probation." *United States v. Thomas,* 991 F.2d at 214.

In light of the foregoing, the Court finds that Woodall's civil rights were not restored within the meaning of § 921(a)(20) for his 1968 burglary convictions. Accordingly, the Court must sentence the defendant to the fifteen-year minimum imprisonment term as mandated by § 924(e)(1).