_____

No. 96-2748

_____

Doyle Ray Evans,                          *
                                          *
           Appellant,                     *
                                          * Appeal from the United States
      v.                                  * District Court for the
                                          * Western District of Missouri.
United States of America,                 *
                                          *    [UNPUBLISHED]
           Appellee.                      *


_____

              Submitted:  January 24, 1997

              Filed:  February 12, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

      Doyle Roy Evans appeals the district court's[1] denial of his 28
U.S.C. § 2255 motion challenging the use of two Georgia burglary
convictions as predicate felonies for an 18 U.S.C. § 924(e)
enhancement.  We affirm.

      In 1991, Evans pleaded guilty to transporting a firearm in
interstate commerce; Evans had two prior Arkansas burglary
convictions in addition to the two Georgia burglaries.  In his
section 2255 motion, Evans argued his counsel was ineffective for
failing to object to the use of his Georgia burglary convictions to
enhance his sentence, because he stole from storage lockers located
in buildings he lawfully entered, and thus his convictions did not

_____

      [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

meet the "generic" definition of "burglary" in Taylor v. United States, 495 U.S. 575, 599 (1990) (defining "burglary" as "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime").  Without the Georgia convictions, Evans argued, he lacked the three predicate felonies necessary for a section 924(e) enhancement.

After the district court summarily denied Evans's motion, we reversed and remanded because the Georgia statute defined "burglary" more broadly than the "generic" definition in Taylor, and the district court had not examined the charging papers to determine whether Evans specifically pleaded guilty to a "generic" burglary.  See Evans v. United States, No. 95-2595, 1995 WL 753905, at *1-2 (8th Cir. Dec. 21, 1995) (unpublished per curiam).  On remand, after the government submitted the indictments for the Georgia convictions, the district court again denied Evans's section 2255 motion without an evidentiary hearing.  Evans timely appealed.

We review de novo the district court's denial of Evans's section 2255 motion and, as it was denied without an evidentiary hearing, will affirm only if the motion, files, and record conclusively show Evans was not entitled to relief.  See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995).  Even though the Georgia statute's definition of burglary is broader than Taylor's "generic" definition, the indictments for the Georgia convictions show that Evans pleaded guilty to burglary within the Taylor definition:  the indictments indicate Evans was charged with "unlawfully" entering others' "building[s]" described as storage bins and mini-warehouses. Evans's guilty pleas to these indictments preclude him from now arguing he did not unlawfully enter a building.  Cf. United States

-2-

v. DeMint, 74 F.3d 876, 877 (8th Cir.) (per curiam), <u>cert. denied</u>, 117 S. Ct. 364 (1996).

Consequently, Evans's counsel was not constitutionally ineffective for failing to object to the use of the Georgia convictions as predicate offenses for a section 924(e) enhancement. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); cf. Woodall v. United States, 72 F.3d 77, 80 (8th Cir. 1995). We do not address Evans's argument, first raised on remand, that one of his Georgia convictions was uncounseled. See Pearson v. Norris, 94 F.3d 406, 409-10 (8th Cir. 1996). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-