107 F.3d 875
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Doyle Ray EVANS, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 96-2748.
 United States Court of Appeals, Eighth Circuit.
 Feb. 12, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Doyle Roy Evans appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion challenging the use of two Georgia burglary convictions as predicate felonies for an 18 U.S.C. § 924(e) enhancement. We affirm.
 
 
 2
 In 1991, Evans pleaded guilty to transporting a firearm in interstate commerce; Evans had two prior Arkansas burglary convictions in addition to the two Georgia burglaries. In his section 2255 motion, Evans argued his counsel was ineffective for failing to object to the use of his Georgia burglary convictions to enhance his sentence, because he stole from storage lockers located in buildings he lawfully entered, and thus his convictions did not meet the "generic" definition of "burglary" in Taylor v. United States, 495 U.S. 575, 599 (1990) (defining "burglary" as "any crime ... having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"). Without the Georgia convictions, Evans argued, he lacked the three predicate felonies necessary for a section 924(e) enhancement.
 
 
 3
 After the district court summarily denied Evans's motion, we reversed and remanded because the Georgia statute defined "burglary" more broadly than the "generic" definition in Taylor, and the district court had not examined the charging papers to determine whether Evans specifically pleaded guilty to a "generic" burglary. See Evans v. United States, No. 95-2595, 1995 WL 753905, at * 1-2 (unpublished per curiam). On remand, after the government submitted the indictments for the Georgia convictions, the district court again denied Evans's section 2255 motion without an evidentiary hearing. Evans timely appealed.
 
 
 4
 We review de novo the district court's denial of Evans's section 2255 motion and, as it was denied without an evidentiary hearing, will affirm only if the motion, files, and record conclusively show Evans was not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S.Ct. 224 (1995). Even though the Georgia statute's definition of burglary is broader than Taylor 's "generic" definition, the indictments for the Georgia convictions show that Evans pleaded guilty to burglary within the Taylor definition: the indictments indicate Evans was charged with "unlawfully" entering others' "building[s]" described as storage bins and mini-warehouses. Evans's guilty pleas to these indictments preclude him from now arguing he did not unlawfully enter a building. Cf. United States v. DeMint, 74 F.3d 876, 877 (8th Cir.) (per curiam), cert. denied, 117 S.Ct. 364 (1996).
 
 
 5
 Consequently, Evans's counsel was not constitutionally ineffective for failing to object to the use of the Georgia convictions as predicate offenses for a section 924(e) enhancement. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); cf. Woodall v. United States, 72 F.3d 77, 80 (8th Cir.1995). We do not address Evans's argument, first raised on remand, that one of his Georgia convictions was uncounseled. See Pearson v. Norris, 94 F.3d 406, 409-10 (8th Cir.1996). Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri