UNITED STATES of America, Appellee,

v.

**Earl Clayton HASTINGS,
Defendant–Appellant.**

No. 1458, Docket 90–1137.

United States Court of Appeals,
Second Circuit.

Argued July 17, 1990.

Decided Nov. 9, 1990.

Barry E. Griffith, Rutland, Vt., for defendant-appellant.

John–Claude Charbonneau, Asst. U.S. Atty., Rutland, Vt. (George J. Terwilliger, III, U.S. Atty., D. Vermont, David V. Kirby, Chief, Criminal Div., Charles A. Caruso, Asst. U.S. Atty., of counsel), for appellee.

Before WINTER, MAHONEY and WALKER, Circuit Judges.

WALKER, Circuit Judge:

Defendant Earl Clayton Hastings appeals from a conviction and sentence entered in the United States District Court for the District of Vermont, after a jury trial before the Hon. Franklin S. Billings, Jr., Chief Judge. Hastings was found

guilty of several offenses based upon his knowing possession of a firearm found behind the driver's seat of the van he had just driven across state lines. He was sentenced under the Guidelines to a term of imprisonment of 30 months, a period of supervised release of three years, and a special assessment of $150.

Hastings seeks a new trial on the ground that the jury was permitted to find him guilty of the offenses charged without finding that he knew the weapon was concealed in the rear of the van, and, further, seeks a judgment of acquittal because the evidence was allegedly insufficient to establish his knowledge of the weapon. He also challenges his sentence in two respects: the district court's upward adjustment for obstruction of justice based on the defendant's assault on his wife, a potential witness, shortly before trial, and its upward departure from the applicable Guidelines range on the ground that Hastings' criminal history category did not adequately reflect the seriousness of his past criminal conduct. Because we conclude that the trial judge's instructions to the jury improperly allowed it to convict without finding that the defendant knowingly possessed the firearm, but find that the evidence of knowing possession was sufficient to warrant submission to the jury, we reverse and remand for a new trial without reaching the sentencing issues.

Late in the evening of July 27, 1988, police in Brattleboro, Vermont, were dispatched to the apartment of Mrs. Gayla Hastings, wife of the defendant, in response to a report of a domestic disturbance. Mrs. Hastings, whose eye was swollen and bleeding from a cut underneath, told the officers that Hastings had struck her in the face a number of times with his fist. She also stated that Hastings had driven off in his blue van and that "there was a machine gun in the vehicle."

The officers called in the rest of their units as well as the police in Hinsdale, New Hampshire, where Hastings had grown up, located directly across the river from Brattleboro. The Hinsdale police reported that Hastings had been observed at his family's residence and that the defendant was traveling back towards Vermont in the blue van. Shortly thereafter, the Brattleboro police stopped the van on the highway and placed Hastings under arrest.

Wrapped in a cloth bag immediately behind the driver's seat of the van, the police discovered a loaded Iver Johnson M-1 .30 caliber carbine and several other magazine clips containing ammunition. The rifle, manufactured as a semi-automatic weapon, had been converted to a machine gun through installation of an M-2 kit designed to convert it from semi-automatic to automatic. However, the weapon failed to function properly as an automatic due to faulty installation of the kit. The weapon was not registered to the defendant with the Secretary of the Treasury ("Secretary"), pursuant to the National Firearms Act, 26 U.S.C. § 5801 *et seq.*, nor had the Secretary's approval been sought or obtained for the installation of the conversion kit, pursuant to the Act.

Hastings was indicted and tried on several offenses based on his knowing possession of the rifle found in the van: unlawful possession of a firearm made—defined to include "altered"—without application to and approval by the Secretary, in violation of 26 U.S.C. §§ 5861(c), 5822, 5845(i) (Count One); transportation in interstate commerce of a machine gun—defined to include a weapon designed to shoot automatically [1]—without authorization by the Secretary, in violation of 18 U.S.C. §§ 922(a)(4), 921(a)(23), 26 U.S.C. § 5845(b) (Count Three); and possession and transportation in interstate commerce of a firearm by a convicted felon,[2] in violation of 18 U.S.C. § 922(g)(1) (Count Four). Count Two,

---

1. The statutory definition also includes any weapon which can be readily restored to shoot automatically, as well as a combination of parts designed and intended for use in converting a weapon into a machine gun. 26 U.S.C. § 5845(b).

2. On May 6, 1985, Hastings was convicted in the district court for Rogers County, Oklahoma, of assault and battery with a dangerous weapon and shooting with intent to injure, both crimes punishable by imprisonment for terms exceeding one year.

charging unlawful making of a firearm, was dismissed by the government prior to trial. At trial, Hastings testified that the weapon belonged to his wife and that he "did not know it was in the van." Nonetheless, the jury found Hastings guilty of each offense.

On appeal, Hastings contends that the district court's instructions to the jury improperly permitted it to convict without finding that he had knowingly possessed the rifle, conceded by the government to be a necessary element of the crimes charged. *See, e.g., United States v. Pelusio,* 725 F.2d 161, 166–67 (2d Cir.1983); *United States v. Tribunella,* 749 F.2d 104, 111–12 (2d Cir.1984). We agree. Although certain defects in the court's original charge may have been cured by the proper instructions given on the other counts, the court's supplemental instructions, given in response to questions from the jury during deliberations, were sufficiently ambiguous as to have created a reasonable probability that the jury did not believe it had to find that Hastings knew the rifle was in the van.

In its original charge to the jury on Count One, the district court defined the element of possession as follows:

> To possess means to have something within your control. This does not necessarily mean that you must hold it physically, that is, have actual possession of it. As long as the firearm is within your control, you possess it. *If you find the defendant had actual possession or that he had the power or intention to control the firearm,* even though it may have been in the physical possession of another, then you may find that the government has proven possession.
>
> Proof of ownership is not required nor is the government required to prove at the time of possession the defendant knew that he was breaking the law. It is sufficient to satisfy this element if you find that the defendant possessed the firearm voluntarily and not by accident or mistake.

(emphasis added). The district court erred in not requiring power *and* intention to control the firearm as elements of "con-structive" possession. *See United States v. Rivera,* 844 F.2d 916, 925 (2d Cir.1988); *United States v. Tribunella,* 749 F.2d at 111–12; *United States v. Pelusio,* 725 F.2d at 166–67. The court's subsequent statement that the defendant must have "voluntarily" possessed the firearm did not necessarily cure the defect. In the context of this charge, voluntariness could have been interpreted as referring to Hastings' actions in driving the van, not his knowledge of the rifle. In any event, this charge on Count One, taken as a whole, does not adequately incorporate knowledge as an element of possession.

Notwithstanding this error, the court's original charge on the other counts properly required the jury to find that Hastings knew the rifle was in the van. In explaining the requirement under Count Three that the defendant "knowingly" transported the firearm, the court emphasized the jury's task of deciding whether or not "the defendant knew that he was transporting the gun." For Count Four, the court again required the jury to find that Hastings "knowingly" possessed or transported the firearm, and asked the jury "to apply the same definitions as I gave you in connection with the other counts."

If the court's instructions regarding knowledge had been confined to those contained in its original charge to the jury, a reversal would not be required. Given the correctness of the charge regarding the knowledge element in Counts Three and Four, the jury's conviction on those counts would have led to the necessary conclusion that it found that Hastings knew the rifle was in the van. Thus the court's failure to emphasize that element in Count One would have been harmless error. *See United States v. Baratta,* 397 F.2d 215, 225–26 (2d Cir.), *cert. denied,* 393 U.S. 939, 89 S.Ct. 293, 21 L.Ed.2d 276 (1968).

However, in its supplemental instructions to the jury after deliberations had begun, the district court left the issue of knowledge in further confusion and thereby inadvertently undermined its earlier correct instructions regarding the element of knowledge. In response to a jury

note asking "what the difference is between possession and known possession,"[3] and, "What specifically constitutes possession simply," the court instructed:

> Ladies and gentlemen of the jury, let me define for you again the word "possession." To possess means to have something within your control. This does not necessarily mean that you must hold it physically, that is, to have actual possession. But actual possession is what most of us think of as possession, that is, having physical custody or control of an object.
>
> For example, if you find that the defendant had the object on his person, you may find that he had possession.
>
> However, a person need not have actual, physical custody of an object in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object that he does not have in his physical possession, then he is in possession of that item and it is known as constructive possession.
>
> An example of this from everyday experience would be a person's possession of items he keeps in a safe deposit box at his bank. Although the person does not have physical control over the items, he exercises substantial control over them, and so has what is known, as I've said, as constructive possession.
>
> The law also recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of things, the possession is sole. If two or more persons share actual or constructive possession of a thing, the possession is joint. So if you find that the defendant had actual possession of the firearm or that he had the power and control, substantial control, over the firearm, then you may find that the government has proved the element of possession.

In the context of this case, in which the principal fact issue for the jury was whether the defendant knew that the firearm was in the van, this instruction was inadequate to inform the jury of the requirement that defendant's possession must be knowing. The jury's continuing uncertainty was borne out by a subsequent question by a juror, who asked, "Does he have to know it's there, that he has it in his car?" To this question, the district court, instead of answering in the affirmative, responded with a general definition of the term "knowingly" without tying it to defendant's possession:

> The element—what is defined as knowingly is—an act is done knowingly if it's done voluntarily and intentionally and not because of mistake or accident or some other innocent reason.

Thereafter, another juror asked, "If you were to put something in my car and I drove down the road and was picked up and stopped and convicted of having an item in my car that wasn't allowed there, does this put me in possession? This is, I think, the big question that I'm trying to get clear." To this question, which carried with it the implicit hypothesis of lack of knowledge, the court returned to the distinction between physical possession and constructive possession but did not mention the requirement that, either way, the possession must be knowing:

> Well, I can only tell you the definition of possession. Otherwise, it would—I'd be infringing upon your functions. But as I indicated before, the actual possession is physical control. The constructive possession is that you have the ability to substantially control the item, even though it's not physically in your hands.

These final instructions to the jury, after which it retired and returned a verdict thirteen minutes later, in the context of all that preceded them, were sufficiently incomplete as to require reversal of Hastings' convictions.

---

**3.** The official transcript records the court stating the question as "what the difference is between possession and non-possession," but in its written decision denying Hastings' motions for a new trial and a judgment of acquittal, the court listed the question as, " 'What the difference is between possession and known possession?' " Our decision here does not turn on this distinction.

While the district court, faced with the need to respond immediately to jurors' questions, may have viewed them as focusing on the distinction between actual physical possession and constructive possession, a usual area of jury concern, and shaped its instructions accordingly, we believe, after carefully reviewing the record, that the jury's primary question in this case was whether it was necessary for conviction that the defendant know the machine gun was in the van. The supplemental instructions did not answer this question and, in the context of the jurors' questions, could quite possibly have left the jury believing that a finding of knowledge was not required to convict on any of the counts. We believe this is so despite the court's passing reference to knowledge as an "element" in response to one juror question.

In short, the court's supplemental instructions to the jury were sufficiently incomplete and misleading so as to make the charge, viewed as a whole, see United States v. Gengo, 808 F.2d 1, 4 (2d Cir.1986); United States v. Scacchetti, 668 F.2d 643, 648–49 (2d Cir.), cert. denied, 457 U.S. 1132, 102 S.Ct. 2957, 73 L.Ed.2d 1349 (1982), inadequate with respect to the element of knowledge. Even though the charge as originally given was adequate, after the supplemental instructions we are unable to say with confidence that the jury convicted upon a finding that Hastings knowingly possessed the gun.

There is no merit to the government's contention that the defects in the charge were not prejudicial because they were confined to the definition of constructive possession and the jury convicted on the basis of actual possession. First, although the defect in the original charge may have been limited to constructive possession, it is quite likely that the errors in the supplemental charges infected the jury's understanding of possession generally, and its requirement of knowledge. Whether the jury would have deemed the possession here "actual" or "constructive" is of no consequence if it believed it was not required to find knowing possession.

In any event, constructive possession was indeed at issue in this case, so that even if the defects had been confined to this issue, they could not be harmless. Although the jury may have been entitled to convict Hastings of "actual" possession on the basis of his direct "physical control" over the firearm, see United States v. Santore, 290 F.2d 51, 60 (2d Cir.1960), cert. denied, 365 U.S. 834, 81 S.Ct. 745, 5 L.Ed.2d 743 (1961); United States v. Toner, 728 F.2d 115, 123–24 (2d Cir.1984); United States v. Wallace, 528 F.2d 863, 865 (4th Cir.1976), in the circumstances of this case, where the gun was discovered wrapped in a bag behind the driver's seat, the jury was also entitled to consider constructive possession, which we have defined as " 'knowingly [having] the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.' " United States v. Pelusio, 725 F.2d at 167 (citation omitted).

█ Although we conclude that reversal is required in this case, we reject Hastings' argument for a judgment of acquittal, precluding any future retrial, based on insufficient evidence of knowledge. Proof of knowledge may be, and often is, circumstantial. See United States v. Tribunella, 749 F.2d at 111–12; United States v. Rivera, 844 F.2d at 925. The evidence presented at trial, viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469–70, 86 L.Ed. 680 (1942); United States v. Pelusio, 725 F.2d at 166, was sufficient to permit a rational, properly instructed, jury to have found beyond a reasonable doubt that the defendant knowingly possessed the firearm. See Jackson v. Virginia, 443 U.S. 307, 316–20, 99 S.Ct. 2781, 2787–90, 61 L.Ed.2d 560 (1979); United States v. Rivera, 844 F.2d at 925.

The jury heard that Hastings, who had been residing with his wife at the time of his arrest, was the owner and primary user of the van, and was its sole occupant when the weapon was seized. He admitted having originally purchased the firearm from his nephew but claimed to have sold it to

his wife in 1987. Moreover, Hastings' familiarity with firearms was before the jury. He was convicted in 1985 of assault and battery with a dangerous weapon and shooting with intent to injure, and in 1987 was found by police with a .45 caliber handgun in his van. Although the defendant claimed that the machine gun was usually not kept in the van and that he had no idea it was there at the time he drove away, the other evidence before the jury was ample to support a finding of knowing possession.

For the foregoing reasons, the judgments of conviction are reversed, and the case remanded for a new trial.