936 F.2d 568
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayland WILLIAMSON, Jr., Defendant-Appellant.
 No. 90-5243.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1991.
Decided July 8, 1991.
As Amended Aug. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-90-22-7)
 Junius B. Lee, III, Lee, Lee & Viets, Whiteville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Richard B. Conely, Sr., Assistant United States Attorney, Raleigh, N.C., Thomas M. Gannon, United States Department of Justice, Washington, D.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Wayland Williamson, Jr., a federal prisoner, appeals from his convictions on various criminal charges following a jury trial. We affirm.
 
 
 2
 Williamson was charged in a three-count indictment with (1) being in possession of a firearm after being convicted of a felony, 18 U.S.C. Secs. 922(g) and 924(a)(2); (2) possessing with intent to distribute approximately 2.9 grams of crack cocaine, 21 U.S.C. Sec. 841(a)(1); and (3) possessing a firearm in relation to a drug trafficking crime, 18 U.S.C. Sec. 924(c). The jury convicted Williamson on all three counts and judgment was entered accordingly. Williamson received concurrent sentences under the Sentencing Guidelines of 57 months on counts one and two, followed by a 60-month consecutive sentence on count three. Williamson filed a timely notice of appeal challenging the convictions.
 
 
 3
 This appeal presents three questions, whether the court erred in denying Williamson's motion for acquittal; whether the convictions under Sec. 922(g)(1) and Sec. 924(c) violate double jeopardy; and whether the admission of a firearm tracing form was error.
 
 
 4
 The test for deciding a motion for acquittal is whether there is sufficient evidence which, giving the government the benefit of all reasonable inferences, would sustain a jury finding that the defendant was guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). In testing the sufficiency of the evidence, this Court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence need not exclude every hypothesis, but need only be sufficient enough that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.
 
 
 5
 Williamson challenges the decision to deny his motion for acquittal at the close of the evidence based upon the alleged insufficiency of the evidence of knowing possession as to each count. As to each count, possession may be constructive. United States v. Garrett, 903 F.2d 1105, 1110-11 (7th Cir.) (Sec. 922(g)(1)), cert. denied, 59 U.S.L.W. 3276 (U.S.1990); United States v. Poore, 594 F.2d 39, 43 (4th Cir.1979) (interpreting 18 App.U.S.C. Sec. 1202(a)(1), the predecessor to Sec. 922(g)(1)); United States v. Watkins, 662 F.2d 1090, 1097 (4th Cir.1981) (Sec. 841(a)(1)), cert. denied, 455 U.S. 989 (1982); United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991) (Sec. 924(c)). We find that there was sufficient evidence to go to the jury on the issue of constructive possession as to each of these counts. See United States v. Hastings, 918 F.2d 369, 373-74 (2d Cir.1990); Garrett, 903 F.2d at 1110; United States v. Johnson, 857 F.2d 500, 501-02 (8th Cir.1988). In the present case the jury obviously found the government's witnesses more credible and this determination of credibility is unreviewable by this Court.
 
 
 6
 Williamson also challenges the sufficiency of the evidence of intent to distribute as to count two. However, Agent Myers testified that the quantity of cocaine recovered, packaged in the fashion that it was, was a distribution amount. This testimony was sufficient to go to the jury on the issue of intent to distribute. United States v. Fisher, 912 F.2d 728, 730 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3769 (U.S.1991).
 
 
 7
 Williamson argues that his conviction under both Sec. 922(g)(1) and Sec. 924(c) violates the constitutional prohibition against double jeopardy. This claim is without merit. United States v. McKinney, 919 F.2d 405, 417 (7th Cir.1990); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir.1989), cert. denied, 58 U.S.L.W. 3528 (U.S.1990).
 
 
 8
 Williamson's final claim is that the admission of a firearm tracing form into evidence was prejudicial error. This claim is baseless. The district court sustained defense counsel's objection to the form and it was not admitted into evidence.
 
 
 9
 Accordingly, Williamson's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.