**UNITED STATES of America,**
**Appellee,**

v.

**Priscilla LARKINS, Defendant–**
**Appellant.**

No. 02–1662.

United States Court of Appeals,
Second Circuit.

May 9, 2003.

Scott M. Green, Rochester, New York, for Defendant–Appellant.

Stephan J. Baczynski, Assistant United States Attorney, Buffalo, New York, for Appellee.

Present: ROGER J. MINER, JOSEPH M. MCLAUGHLIN, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 9th day of May, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

On June 21, 2000, Rochester police officers arrested Mr. Juma Sampson for distributing narcotics and searched his residence pursuant to a warrant. In his child's bedroom, police officers discovered in plain view a loaded .380 caliber semi-automatic pistol and a plastic bag containing approximately 11 grams of cocaine, as well as a measuring cup with "white/yellow rock-like" residue. The police officers discovered a triple-beam scale, plates with a "white/yellow rock-like substance on them," a razor blade, and small ziplock plastic bags in the bedroom closet. The police officers also recovered from that bedroom an open shoebox in plain view containing $40 in cash and numerous ziplock bags of various sizes. Priscilla Larkins, the child's mother, was present during the search, and her name was the only one on the lease.

Larkins was convicted of controlling as a lessee a "building, room, or enclosure" and knowingly and intentionally making it available "for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance," in violation of 21 U.S.C. § 856(a)(2). Larkins challenges

her conviction, arguing that the evidence was insufficient to establish that: 1) the residence was regularly and continuously used to manufacture, store, distribute, or use narcotics; and 2) she had knowledge that Sampson was using the bedroom for unlawful activities. A defendant challenging the sufficiency of the evidence bears a heavy burden. *United States v. Diaz*, 176 F.3d 52, 89 (2d Cir.1999). Although the sufficiency of the evidence is reviewed *de novo*, the Court views the evidence in the light most favorable to the government and draws all inferences in favor of the government. *Id.; see also United States v. Szur*, 289 F.3d 200, 219–220 (2d Cir. 2002). The conviction must be affirmed if "any rational trier of fact could have found the essential elements of the crime." *United States v. Amiel*, 95 F.3d 135, 141–42 (2d Cir.1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

In the instant case, the jury's conclusion that the apartment was regularly used to manufacture, store, distribute, or use narcotics is supported by the fact that cocaine and items related to narcotics distribution, *viz.*, the measuring cup, scale, plates, razor blade, ziplock bags, cash, and gun, were stored at the apartment. The jury's conclusion that Larkins knew her apartment was being used to manufacture, store, distribute, or use narcotics is reasonable because the seized items were located in plain view or in the closet of her child's bedroom, a room she likely frequented. *See United States v. Hastings*, 918 F.2d 369, 373 (2d Cir.1990) (holding that knowledge may be established through circumstantial evidence). Accordingly, the judgment of the United States District Court for the Western District of New York is AFFIRMED.