**UNITED STATES of America,**
Appellee,

v.

**Terrell JOHNSON, Defendant–Appellant.**

No. 07–5356–cr.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Charles E. Moynihan, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Rochester, NY, for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. WALKER, and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Terrell Johnson was convicted by a jury in the United States District Court for the Western District of New York (Larimer, J.) of one count of distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On appeal, Johnson contests the sufficiency of the evidence underlying his firearm possession conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a claim of insufficient evidence. *United States v. Jackson,* 301 F.3d 59, 64 (2d Cir.2002). "A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Gagliardi,* 506 F.3d 140, 149 (2d Cir.2007) (internal quotation marks omitted) (quoting *United States v. Giovanelli,* 464 F.3d 346, 349 (2d Cir.2006) (per curiam), *cert. denied,* —— U.S. ——, 128 S.Ct. 206, 169 L.Ed.2d 145 (2007)). We will affirm a jury verdict unless "no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *Ga-*

Scott M. Green, Esq., Rochester, NY, for Defendant–Appellant.

*gliardi,* 506 F.3d at 149–50 (internal quotation marks omitted).

In order to convict under 18 U.S.C. § 924(c), the government must prove that the defendant (1) possessed a firearm (2) in furtherance of a drug trafficking crime. *See United States v. Finley,* 245 F.3d 199, 203 (2d Cir.2001). We conclude that a rational fact-finder could find both elements satisfied here.

■ Evidence in the record supports the jury's conclusion that Johnson sold "four small purple-tinted Ziploc bags" containing crack cocaine to an undercover officer through a building window, a determination which Johnson does not contest on appeal. After this sale, officers entered the residence and arrested Johnson in a bedroom. A subsequent search of this same bedroom uncovered a loaded handgun and small purple-tinted Ziploc bags containing cocaine base stashed under a heating vent which was not flush with the floor. Although "mere presence" is insufficient to establish possession, *United States v. Rios,* 856 F.2d 493, 496 (2d Cir. 1988), a reasonable jury could infer that Johnson was more than a simple visitor of the premises, even if not a resident or its exclusive occupant, based on evidence that he had keys to the building's front door in his pocket at the time of arrest, had been observed entering and exiting the building the previous day, and was arrested in a bedroom which contained a blow-up mattress and men's clothes. Furthermore, evidence that the vent, pistol, and Ziploc bags were clear of dust and cobwebs, and that the bags were the same color and size as the four the officers had recently purchased, supports a rational inference that the individual who sold similarly packaged drugs before the execution of the search warrant had recently accessed the vent containing the disputed firearm. Given the evidence linking Johnson to the vent

and its contents, as well as the building more generally, the jury could reasonably infer that Johnson "knowingly [had] the power and the intention at a given time to exercise dominion and control over" the firearm. *United States v. Hastings,* 918 F.2d 369, 373 (2d Cir.1990) (citation and internal quotation marks omitted); *see United States v. Castillo,* 406 F.3d 806, 813 (7th Cir.2005) ("[I]f the defendant jointly occupies the premises, the Government must present some evidence that supports a nexus between the weapon and the defendant." (citation omitted)).

The evidence presented at trial would also permit a jury to "find beyond a reasonable doubt that possession of the firearm facilitated [Johnson's] drug trafficking crime ...; [that is,] afforded some advantage (actual or potential, real or contingent) relevant" to the offense. *United States v. Lewter,* 402 F.3d 319, 322 (2d Cir.2005). Officers located the loaded firearm next to nineteen Ziploc bags containing cocaine base—drugs which a reasonable jury could conclude Johnson possessed with intent to distribute. And although stashed inside the heating vent, the gun was within arm's reach of the vent once opened, and thus relatively accessible. This circumstantial evidence, together with testimony at trial concerning the manner in which drug traffickers use firearms to protect themselves, their drugs, and their proceeds, would permit a reasonable jury to find that Johnson possessed the firearm in furtherance of his drug trafficking offense. *See United States v. Garner,* 338 F.3d 78, 81 (1st Cir.2003) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to

be possessed 'in furtherance of' an ongoing drug-trafficking crime."); *see also Lewter*, 402 F.3d at 323 ("In this case, the person to be protected was a drug dealer, and among the things being protected were a saleable quantity of drugs, drug packaging paraphernalia, and the proceeds of drug trafficking."). Accordingly, we conclude that sufficient evidence underlies Johnson's firearms possession conviction.

■ We nonetheless remand the case for further consideration by the District Court of Johnson's sentence with regard to his conviction for distributing and possessing with intent to distribute crack cocaine. Johnson filed the instant appeal prior to the Supreme Court's decision in *Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). In *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008), we noted that, "when the sentencing of a defendant for a crack cocaine offense occurred before *Kimbrough*, we cannot tell whether the district court would have exercised its now clear discretion to mitigate the sentencing range produced by the [crack-powder cocaine ratio]." *Id.* at 148–49. Thus:

> Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision.

*Id.* at 149. While, as pointed out by Johnson's counsel at oral argument, the District Court considered the 2007 Guidelines changes pertaining to crack cocaine, that "does not establish that the Court was aware of its authority to impose a non-Guidelines sentence because of a disagreement with the policy underlying the crack-powder disparity in the Guidelines." *United States v. Keller*, 539 F.3d 97, 102 (2d Cir.2008). Finally, even though Johnson failed to argue for a *Regalado* remand on appeal, remand is necessary because we cannot ascertain whether plain error has occurred. "We cannot know whether the district court would have imposed a non-Guidelines sentence had it been aware (or fully aware) of its discretion to deviate from the crack cocaine ranges," or whether the "likely procedural error ... affected substantial rights and affected the fairness, integrity or public reputation of judicial proceedings." *Regalado*, 518 F.3d at 150; *see also United States v. Gumbs*, 286 Fed.Appx. 763, 766 (2d Cir.2008) (summary order) (holding that "[w]e cannot conclude that the District Court erred in any respect identified by Gumbs in this appeal," while also holding that "[w]e nonetheless remand the case to the District Court for resentencing" pursuant to *Regalado* ).

For the foregoing reasons, we AFFIRM Johnson's conviction, but REMAND for consideration of whether resentencing is appropriate pursuant to *Regalado*.