10-5162-cr (L)
United States v. Carrasquillo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand twelve.

Present: AMALYA L. KEARSE,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v-                                        10-5162-cr(L)
                                           11-2750-cr (Con)

VICTOR CARRASQUILLO AND STEVEN WADMAN

*Defendants-Appellants*.

_____

Appearing for Appellants:     Philip R. Schatz, *for* Wadman, Wrobel & Schatz, New York, NY
                              and Malvina Nathanson, *for* Carrasquillo, New York, NY.

Appearing for Appellee:       Brian A. Jacobs, Assistant United States Attorney, (Brent S.
                              Wible, Assistant United States Attorney, *on the brief*), *for* Preet
                              Bharara, United States Attorney for the Southern District of New
                              York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Victor Carrasquillo appeals from a December 13, 2010 judgment of conviction by Judge Richard J. Sullivan in the Southern District of New York, following a guilty plea. Carrasquillo contends that the 120-month sentence imposed upon him, which was 12 months above the applicable Guidelines range was substantively unreasonable. Defendant-appellant Steven Wadman appeals from a judgment of conviction entered on July 1, 2011, following a one-week trial, before Judge Sullivan and a jury. Among other counts, Wadman was convicted of possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Wadman challenges the sufficiency of the evidence to support the jury's guilty verdict on Count Two. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In determining whether a lower court's decision was substantively unreasonable, the appellate court engages in a very "deferential review" considering whether the district court attributed the appropriate weight to the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Cavera*, 550 F.3d 180, 200 (2d Cir. 2008). The fact that the appellate court "might reasonably have concluded that a different sentence was appropriate" is "insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 50 (2007).

We affirm the above-Guidelines-sentence imposed by the district court. *United States v. Fairclough*, 439 F.3d 76 (2d Cir. 2006) (finding that a sentence beyond the Guidlelines range is not by itself substantively unreasonable). The district court gave appropriate weight to the relevant sentencing factors. *See Cavera*, 550 F.3d at 191. In departing upwards from the Guidelines, the district Court found it significant that Carrasquillo had continued to sell drugs from prison while on bail stating, that his "engaging in...serious crimes" while "awaiting sentencing" served to "take[] this out of a standard case" [A.225] and demonstrated the need to impose a sentence that would send "a message...with force" that when defendants have "pled guilty, when they have accepted responsibility for a crime, they can't go to [prison] and just continue engaging in crimes." [A.227]. Courts appropriately consider such character and conduct for sentencing. *See* 18 U.S.C. 3553(a); *see also Williams v. New York*, 337 U.S. 241, 247 (1949) (stating background, character and conduct of a person convicted may be considered for sentencing). The district court properly considered Carrasquillo's health conditions, but determined that a 120-month sentence was reasonable given his continued criminal activity.

A defendant challenging the sufficiency of the evidence bears a "heavy burden," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), as the standard of review is "exceedingly deferential," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). "We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence," *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998); and we must affirm the conviction so long as from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt, *see, e.g., United States v. Buck*, 804 F.2d 239, 242 (2d Cir. 1986). Section 924(c) of Title 18 of the United States Code sets forth criminal penalties for any person (1) who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm" or (2) "who, in furtherance of any [drug-trafficking] crime, possesses a firearm." 18 U.S.C.§ 924(c)(1)(A). The requirement

in § 924(c)(1)(A) that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug trafficking operation. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001).

We conclude that the government adduced sufficient evidence to convict Wadman under Title 18, United States Code, Sections 924(c)(1)(A)(i). A reasonable jury could have found Carrasquillo, who owned the guns, had constructive possession of them, as he gave explicit orders to move them, showing that Carrasquillo "knowingly ha[d] the power and the intention at a given time to exercise dominion and control over an object." *United States v. Hastings*, 918 F.2d 369, 373 (2d Cir. 1990) (internal quotation marks and citations omitted). Similarly Wadman, who physically carried out Carrasquillo's instructions in storing the guns likewise could have been found to have had actual and constructive possession of the guns. Additionally, a reasonable jury could have found the possession was "in furtherance" of the drug trafficking crime because they were stored with drug paraphernalia and the co-conspirator testified they go "in hand" with the business of narcotics. [A.28]. This evidence was sufficient to establish the requisite nexus. *See United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005) (finding a nexus if the "gun afforded some advantage (actual or potential, real or contingent)"). There was sufficient evidence for the jury to find a nexus between the guns and the drug trafficking crime.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk