13-4330-cr
*United States v. Clements*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fifteen.

Present:   ROBERT A. KATZMANN,
                    *Chief Judge*,
              RAYMOND J. LOHIER, JR.,
              CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                              No. 13-4330-cr

PRESTON CLEMENTS,

                    *Defendant-Appellant.*

_____

For Appellee:                    MONICA J. RICHARDS, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:    JEFFREY L. CICCONE, Assistant Federal Public Defender (Jay S. Ovsiovitch, *on the brief*), Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Preston Clements appeals from an October 25, 2013, judgment of conviction entered by the United States District Court for the Western District of New York (Geraci, *J.*). The district court sentenced Clements to a term of imprisonment of sixty-two months after a jury found him guilty of possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), using a premises to manufacture, distribute, and use a controlled substance, in violation of 21 U.S.C. § 856(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1). We assume the parties' familiarity with the underlying facts, procedural history, and the two issues on appeal.

Clements first argues that the district court erred in adopting the report and recommendation of the magistrate judge, who conducted an evidentiary hearing and thereafter recommended denying Clements's motion to suppress evidence seized during a warrantless search and his subsequent statement. *See United States v. Clements*, No. 11-cr-6104, 2012 WL 7008163 (W.D.N.Y. Nov. 30, 2012) (Feldman, *Mag. J.*), *adopted by* 2013 WL 441004 (W.D.N.Y. Feb. 5, 2013). We agree with the magistrate judge that Clements cannot contest the search because he had no reasonable expectation of privacy at 166 Atkinson Street, Apartment 5. "[T]o mount a successful Fourth Amendment challenge, a defendant must demonstrate that he personally has an expectation of privacy in the place searched." *United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002) (internal quotation marks and emphasis omitted). "[A]n overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with

the consent of the householder may not." *Minnesota v. Carter*, 525 U.S. 83, 90 (1998); *see also United States v. Agapito*, 620 F.2d 324, 334 (2d Cir. 1980) (holding that a casual visitor lacked a legitimate expectation of privacy in the visited premises). Clements's relationship to the place searched was that he was accompanying his girlfriend, who was temporarily watching the apartment for her friend, the apartment's absent tenant with an expired lease who was in the process of moving elsewhere. This is much more attenuated than the defendants' relationship to the place searched in *Carter*, in which the defendants were held to lack an expectation of privacy; in that case, the defendants had the express permission of the tenant to be present and were there with her. *See Carter*, 525 U.S. at 86. Accordingly, we affirm the denial of the motion to suppress Clements's post-search statements because they were not the fruit of a poisonous tree.

Clements next argues that there was insufficient evidence of Clements's possession of a firearm to sustain the conviction under section 924(c)(1)(A). We disagree. "A defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). We will affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Clements urges us to credit his testimony that the handgun in the apartment from which he was selling marijuana was foisted upon him over his objection by his supplier, such that Clements never had "the power and the intention at a given time to exercise dominion and control over" the firearm. *United States v. Hastings*, 918 F.2d 369, 373 (2d Cir. 1990) (internal quotation marks omitted).

3

But the jury's decision to discredit Clements's testimony is one that we do not disturb, especially in light of the substantial evidence of possession, including Clements's own post-arrest admission to a possessory interest in the handgun and the location of the handgun next to the marijuana that Clements admits to selling. This was an ample basis for the jury to conclude that Clements possessed this handgun, which "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005).

We have considered all of Clements's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK