17-1546-cr
United States v. Goolsby

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July two thousand twenty.

Present:     ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
            RICHARD J. SULLIVAN,
                 *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                 *Appellee*,

            v.                                          17-1546-cr
                                                        17-2017-cr

IAN D. GOOLSBY,

                 *Defendant-Appellant*.
_____

Appearing for Appellant:     Randa D. Maher, Maher & Pittell, LLP, Great Neck, N.Y.

Appearing for Appellee:      Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED in part and VACATED and REMANDED in part**.

Appellant Ian D. Goolsby appeals from the May 1, 2017 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) convicting Goolsby of one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851; one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2); one count of possession of a firearm with a removed, altered or obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and one count of possession of a controlled substance, in violation of 21 U.S.C. §§ 844(a) and 851. Following a jury trial, Goolsby was sentenced principally to 300 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

### I. Motion to Suppress

Goolsby first challenges the district court's denial of his motion to suppress the gun and drugs recovered from a search of his car. The district court's decision included two bases for the stop and search at issue. Because we agree that the first basis, the traffic violation and the subsequently discovered odor of marijuana and statement Goolsby made to Officer Miller about smoking, provided adequate justification for the stop and search, we conclude that the district court did not err in denying Goolsby's motion to suppress.

The Fourth Amendment requires that an officer making a traffic stop "have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in, or about to be engaged in, criminal activity." *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2018) (internal quotation marks and citation omitted). "Although the Fourth Amendment generally requires police to obtain a warrant before conducting a search, there is a well-established exception for vehicle searches . . . . If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." *United States v. Jones*, 893 F.3d 66, 70 (2d Cir. 2018) (internal quotation marks and citations omitted).

Turning first to the traffic stop, Miller had more than a reasonable suspicion that Goolsby committed a traffic violation because he saw Goolsby fail to use his turn signal 100 feet before turning, a violation of section 1163(b) of the New York State Vehicle and Traffic Law. Upon approaching the car, Miller had probable cause to search for evidence related to a marijuana offense. Miller smelled the odor of burnt marijuana when he approached. When asked about the smell, Goolsby responded that he had been smoking earlier. It was thus reasonable for Miller to believe he would find evidence of a drug offense in the car, potentially inside the shoebox or lunchbox he observed in the vehicle's interior. *See United States v. Jackson*, 652 F.2d 244, 251 n.6 (2d Cir. 1981) (noting probable cause can arise from a suspicious smell). Therefore, the search of the car—and any containers found therein—was justified. *See United States v. Wilson*, 699 F.3d 235, 246 (2d Cir. 2012).

While Goolsby argues that Miller's testimony is not credible because it is contradicted by the text messages the confidential informant sent, this is an insufficient basis to reverse the district court. We have previously said that "a factfinder who determines that a witness has been . . . contradictory . . . in some respects may nevertheless find the witness entirely credible in the essentials of his testimony." *Gomez*, 877 F.3d at 97 (internal quotation marks and citation omitted). Nothing contradicts Miller's testimony relating to the traffic violation and marijuana. Thus, the district court did not clearly err in crediting Miller's testimony as to the traffic stop and marijuana.

## II. Sufficiency of the Evidence

Goolsby next challenges the sufficiency of the evidence for his conviction of knowingly possessing a firearm despite having been convicted for a crime punishable by imprisonment for a term exceeding one year. Goolsby primarily argues that the evidence does not support finding that he (1) possessed the contraband at issue; or (2) did so knowingly. When reviewing the sufficiency of the evidence, we look at the evidence in the light most favorable to the government and will uphold the conviction "if *any* rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Lebedev*, 932 F.3d 40, 48 (2d Cir. 2019) (internal quotation marks and citation omitted).

We disagree with Goolsby that the evidence did not support a jury finding of at least constructive possession. "Constructive possession exists when a person has the power and intention to exercise dominion and control over an object." *United States v. Dhinsa*, 243 F.3d 635, 676 (2d Cir. 2001) (internal quotation marks and citation omitted). This determination requires looking at whether the defendant exercised dominion and control over the place in which the object was located. *Id*. Here, Goolsby was driving the rental car from which the contraband was recovered, and the rental agreement listed Goolsby as an authorized user, suggesting he exercised control over the car and the items in it. *See United States v. Greer*, 631 F.3d 608, 613 (2d Cir. 2011).

There is also sufficient evidence to establish that Goolsby knowingly possessed the contraband. "Proof of knowledge may be, and often is, circumstantial." *United States v. Hastings*, 918 F.2d 369, 373 (2d Cir. 1990) (citation omitted). Henry's testimony demonstrates that Goolsby was aware he possessed the drugs and firearm at issue. The recorded phone calls Goolsby made to Henry from jail provide additional circumstantial evidence. While Goolsby attempts to undermine the evidence by questioning Henry's credibility, we must defer to the jury's assessments of her credibility.

## III. Jury Instructions

Goolsby next argues that his conviction under Section 922(g) should be reversed because the district court erred in instructing the jury that the government need not show that Goolsby knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, as required by the intervening case *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and there is no evidence in the trial record demonstrating his knowledge. The parties agree that plain

error review applies. On plain error review, we consider whether "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557-58 (2d Cir. 2020).

We need not address whether the trial record contains insufficient evidence of Goolsby's knowledge because the final prong of the plain error standard—whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings—cannot be satisfied under our recent precedent. "[I]n the limited context of our fourth-prong analysis, we will consider reliable evidence in the record on appeal that was not part of the trial record: [Goolsby's] presentence investigation report (PSR)." *Miller*, 954 F.3d at 560. Goolsby's PSR indicates that he had previously served a term of incarceration exceeding one year for a past offense. This indicates that Goolsby was aware of his status as a felon and that the government had this evidence available to introduce. "Under all of the circumstances, it is plain to us that [Goolsby] has not satisfied the fourth plain-error prong." *Id.*

## IV. Sentence

Goolsby also challenges his sentence as procedurally unreasonable under *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018). Namely, Goolsby argues that one of his prior New York State convictions for criminal possession of a controlled substance does not constitute a "controlled substance offense" under the Guidelines. U.S. Sentencing Guidelines Manual § 4B1.2(b). The Government agrees. Goolsby was convicted under Section 220.06(1) of the New York Penal Law for possession of a controlled substance, but at the time of his conviction, the New York State drug schedule included drugs not covered by the Controlled Substances Act, *see* N.Y. Pub. Health Law § 3306; N.Y. Penal Law § 220.06(1). Thus, this conviction cannot be considered a "controlled substance offense[]" for sentence enhancements under the Guidelines. *Townsend*, 897 F.3d at 75. We accordingly vacate and remand for resentencing.

## V. Motion to Dismiss Indictment

Goolsby last argues the district court erred in denying his motion to dismiss the indictment. The district court denied the motion because it no longer retained jurisdiction. We review a determination of lack of jurisdiction de novo. *See Rivers v. McLeod*, 252 F.3d 99, 101 (2d Cir. 2001).

We find no error in the district court's conclusion that it lacked jurisdiction to consider Goolsby's motion. "[T]he filing of a notice of appeal has jurisdictional implications," *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004), as it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). While, "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters," *Tancredi*, 378 F.3d at 225, the question of the validity of the indictment that served as the basis for Goolsby's conviction cannot reasonably be found to be a matter "collateral" to the appeal. Accordingly, we affirm the district court's denial of Goolsby's motion.

4

We have considered the remainder of Goolsby's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED in part and VACATED and REMANDED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk